**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MELVIN S. TENNYSON,

Plaintiff,

Civil Action No.: 3:11-cv-00714-HLA-TEM

v.

HARBINGER TECHNOLOGIES GROUP, LLC,
a Virginia Corporation,

Defendant.
_______________________________________/

**MOTION TO DISMISS FOR IMPROPER VENUE AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW Defendant, HARBINGER TECHNOLOGIES GROUP, LLC, ("Harbinger"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(3), and for the reasons recited hereafter, moves this Honorable Court to enter an Order dismissing Plaintiff's Complaint for improper venue, or alternatively, transferring this matter to the United States District Court for the Eastern District of Virginia, and as grounds therefore states as follows:

1. Plaintiff filed his Complaint on June 14, 2011, in the Circuit Court in the Seventeenth Judicial Circuit in and for St. Johns County, Florida. (DE 1).

2. The Summons and Complaint were served on Defendant on June 22, 2011. (Id.).

3. Defendant timely removed this action on July 19, 2011. (Id.).

4. In his Complaint, Plaintiff alleges:

a. Plaintiff is a is a resident of St. John's County, Florida (DE 2 at ¶ 3);

b. Defendant is a Virginia limited liability company with its principal place of business located within the jurisdiction of the United States District Court for the

Eastern District of Virginia at 1600 Tysons Blvd., Suite 800, McLean, Virginia (Id. at ¶ 4 and p. 12).

c. Plaintiff and Defendant entered into the Employment Agreement attached as Exhibit "A" to the Complaint on or about September 1, 2010 (Id. at ¶ 5); and,

d. Defendant breached the Employment Agreement by failing to pay Plaintiff pursuant to the Employment Agreement. (Id. at ¶ 18).

5. The Employment Agreement attached to the Complaint states unambiguously and unequivocally that:

a. Any disputes arising out of the Employment Agreement will be "settled in accordance with the laws of the Commonwealth of Virginia;" (Id. at Exh. "A," ¶ 5.5);

b. Each party to the Employment Agreement "irrevocably submit[s] to the jurisdiction of any federal or state court sitting in the Commonwealth of Virginia in any action or proceeding arising out of or relating to the Employment Agreement;" (Id.); and,

c. Each party to the Employment Agreement "irrevocably (i) agrees that all claims in respect of such action or proceeding may be heard and determined in any such court and (ii) waives any objection to the venue of any such court that each may have." (Id.).

6. Each of Plaintiff's claims arose, if at all, out of the Employment Agreement and must therefore be adjudicated by a Virginia court under Virginia law as provided by the express terms of the contract entered into by the parties.

7. Plaintiff has "irrevocably" submitted to the jurisdiction of Virginia courts in any dispute arising out of or relating to the Employment Agreement, and has waived any objection to venue in Virginia.

8. Accordingly, this action should be dismissed for improper venue pursuant to Fed. R. Civ. P. 12(b)3).

9. Alternatively, this action should be transferred to the United States District Court for the Eastern District of Virginia pursuant to 28 U.SC. § 1404(a).

WHEREFORE, Defendant, HARBINGER TECHNOLOGIES GROUP, LLC, requests that this Honorable Court enter an ORDER dismissing this action or, alternatively, transferring this action to the United States District Court for the Eastern District of Virginia.

## MEMORANDUM OF LAW

### 1. Plaintiff's Complaint Should be Dismissed for Improper Venue

Contractual forum selection clauses are governed by ordinary contract principles. *Slater v. Energy Servs. Group Int'l*, 634 F.3d 1326, 1330 (11th Cir. 2011)(*citing Belize Telecom, Ltd. v. Belize*, 528 F.3d 1298, 1307 & n.11 (11th Cir. 2008)). The Eleventh Circuit characterizes forum selection clauses as either "permissive" or "mandatory." *Slater*, 634 F.3d at 1330. "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere," whereas "[a] mandatory clause . . . 'dictates an exclusive forum for litigation under the contract.'" *Id.* (*citing Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004)(internal citations omitted)). Where a forum selection clause is mandatory, a district court must enforce it and dismiss a claim that has been improperly brought in a jurisdiction other than the one identified in the forum selection clause. *Id.*

In *Slater*, the Eleventh Circuit considered a forum selection clause in an employment contract that is almost identical to the case at bar. *Id.* The forum selection clause stated: "all claims or causes of action relating to or arising from this Agreement shall be brought in a court in the City of Richmond, Virginia." *Id.* The trial court dismissed the claim for improper venue

pursuant to Fed. R. Civ. P. 12(b). *Id.* at 1229. On appeal, the Eleventh Circuit affirmed finding that the clause was mandatory, not permissive, and that venue was only proper in Richmond, Virginia.

In the present case, the forum selection clause in the contract under which Plaintiff has sued Defendant could not be clearer. The contract states, unambiguously, that the parties: (1) submit to the jurisdiction of a Virginia court in any action arising out of the Agreement; (2) agree that all claims in such a proceeding may be heard and determined by a Virginia court; and (3) each party waives any objection to venue in a Virginia court:

> **5.5 Disputes; Jurisdiction; Venue; and Waiver of Jury Trial. Any dispute or question arising either out of or relating to this Agreement shall be settled in accordance with the laws of the Commonwealth of Virginia, and each of the parties hereto hereby irrevocably submit to the jurisdiction of any federal or state court sitting in the Commonwealth of Virginia in any action or proceeding arising out of or relating to this Agreement, and each hereby irrevocably (i) agrees that all claims in respect of such action or proceeding may be heard and determined in any such court and (ii) waives any objection to the venue of any such court that each may have. Each of the parties irrevocably waives any right it may have to a trial by jury in any such action, suit or proceeding.**

(DE 2 at p. 12, ¶ 5.5).

**2. Alternatively, This Action Should be Transferred to the District Court for the Eastern District of Virginia.**

For the convenience of parties and witnesses, as well as in the interest of justice, a district court may transfer a civil action to any other district or division where the case might have been brought. *In re Segal*, 2011 U.S. App. LEXIS 10170 (11th Cir. Apr. 21, 2011)(*citing* 28 U.S.C. § 1404(a)(attached as Attachment "1"). Such a transfer may be effectuated pursuant to a forum selection clause contained in a contract because such clauses are enforceable by federal courts. *P & S Business Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003)(*citing M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 32 L. Ed. 2d 513, 92 S. Ct. 1907 (1972)).

A forum selection clause in a contract between the parties is "a significant factor that figures centrally in the district court's calculus" even if the clause is “a non-negotiated one.” *Id.* (*quoting P& S Bus. Machs, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003)). A forum selection clause in a contract between the parties is rarely outweighed by the other factors a district court should consider when determining whether to transfer an action pursuant to 28 U.S.C. § 1404(a). As the Eleventh Circuit recently explained, “a forum-selection clause can only be invalidated on a showing of a ‘bad faith motive’ where the forum was chosen ‘as a means of discouraging [parties] from pursuing legitimate claims.’ *Id.* (*quoting Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)). By enforcing the forum selection clause in a contract, a district court “is not limiting ‘the plaintiffs usual right to choose its forum, but is enforcing the forum that the plaintiff has already chosen.’" *Id.* (*quoting P & S Bus. Machs.*, 331 F.3d at 807). “The financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause." *Id.*

Under the law of the Eleventh Circuit, it is irrelevant that Plaintiff resides within the jurisdictional limits of this Court because the parties have agreed to venue in Virginia and specifically waived any objection to venue in Virginia. There is no “bad faith” present which might otherwise impact the Court’s analysis – the parties agreed to venue in Virginia and Plaintiff may pursue his claims in the United States District Court for the Eastern District of Virginia, or a Virginia state court, just as the parties agreed. Accordingly, there is no concern that Plaintiff will be unable to obtain relief if this action is transferred to a Virginia district court. As noted above, it is irrelevant that it may impose a financial hardship on Plaintiff to litigate this action in Virginia because such hardship is present in any situation where a forum selection clause dictates that a matter be heard before a court that is distant from the plaintiff. *Seung v.*

*Regent Seven Seas Cruises, Inc.*, 393 Fed. Appx. 647, 650 (11th Cir. 2010)(attached as Attachment "2").

Based on the foregoing, Defendant respectfully requests that the Court enter an Order GRANTING this Motion and transferring this action to the United States District Court for the Eastern District of Virginia.

Dated this 26th, day of July, 2011.

**ANDERSON | PINKARD**

/s/ Daniel W. Anderson, Esq.
Daniel W. Anderson
Florida Bar No.: 490873
13577 Feather Sound Drive, Suite 670
Clearwater, FL 33762
Telephone: (727) 329-1999
Facsimile: (727) 329-1499
E-mail: danderson@floridalawpartners.com

## CERTIFICATION PURSUANT TO LOCAL RULE 3.01(g)

I HEREBY CERTIFY that I conferred in good faith via telephone with counsel for Plaintiff, William R. Huseman, Esq., on July 26, 2011, with regard to the relief requested in this Motion and Plaintiff opposes this Motion.

/s/ Daniel W. Anderson, Esq.
Daniel W. Anderson, Esq.
Florida Bar No.: 490873

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing to be electronically filed via the Court's CM/ECF system on this 26th, day of July, 2011, and to be mailed via e-mail and U.S. Mail to the following counsel of record who are not presently registered to receive filings via the CM/ECF system:

David S. Fursteller
William R. Huseman

William R. Huseman, PA
Suite 305-A
3733 University Blvd W
Jacksonville, FL 32217

/s/ Daniel W. Anderson, Esq.
Daniel W. Anderson, Esq.
Florida Bar No.: 490873



**ATTACHMENT 1**


Analysis
As of: Jul 26, 2011

**IN RE: ALBERT SEGAL, MARIANNA CHAPAROVA, Petitioners.**

**No. 11-10998-D**

**UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

***2011 U.S. App. LEXIS 10170***

**April 21, 2011, Filed**

**PRIOR HISTORY:** [*1]
On Petition for Writ of Mandamus to the United States District Court for the Southern District of Florida. Dist. Ct. Docket No. 1:10-cv-20718-MGC.
*Segal v. Amazon.com, Inc., 2011 U.S. Dist. LEXIS 11429 (S.D. Fla., Feb. 4, 2011)*

**COUNSEL:** In re: ALBERT SEGAL, Petitioner, Pro se, MIAMI, FL.

MARIANNA CHAPAROVA, Petitioner, Pro se, MIAMI, FL.

For SERVICE: David B. Esau, Carlton Fields, PA, WEST PALM BEACH, FL; Wifredo A. Ferrer, U.S. Attorney, Anne R. Schultz, U.S. Attorney's Office, MIAMI, FL.

**JUDGES:** BEFORE: TJOFLAT and WILSON, Circuit Judges.

**OPINION**

**BY THE COURT**:

Albert Segal and Marianna Chaparova move this Court for leave to proceed *in forma pauperis* on their *pro se* petition for writ of mandamus, in which they ask us to direct the district court to vacate its order transferring the case to the Western District of Washington pursuant to *28 U.S.C. § 1404(a)*. Because Segal and Chaparova have established indigence and their petition is not frivolous, the motion to proceed *in forma pauperis* is **GRANTED**.

Mandamus relief is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1004 (11th Cir. 1997)* (quotation omitted). Writs of mandamus cannot be used as a substitute [*2] for an appeal. *Id*. Finally, the petitioner has the burden of showing that the claimed right to issuance of the writ is clear and indisputable. *In re Lopez-Lukis, 113 F.3d 1187, 1188(11th Cir. 1997).*

Transfer orders pursuant to *§ 1404(a)*, although not reviewable on interlocutory appeal, may be reviewable "via alternative routes such as by writ of mandamus." *Grayson v. K Mart Corp., 79 F.3d 1086, 1094 & n.8 (11th Cir. 1996)*. Thus, we have indicated that, while the use of mandamus to remedy an abuse of discretion in a district court's decision on a motion to transfer is rare and generally disfavored, "the writ might issue to correct an abuse of discretion in some circumstances." *Roofing & Sheet Metal Serv., Inc. v. La Quinta Motor Inns, 689 F.2d 982, 987 (11th Cir. 1982)*. Generally, "[a] district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1309 (11th Cir. 2001)*.

Pursuant to *§ 1404(a)*, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer [*3] any civil action to any other district or division where it might have been brought." *28 U.S.C. § 1404(a)*. A choice of forum clause--including a non-negotiated one--is "a significant factor that figures centrally in the district court's calculus." *P& S Bus. Machs, Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003)* (emphasis in original) (quoting *Stewart Org, Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988))*. "[W]hile other factors might conceivably militate against a transfer . . . the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors." *Id*. (quotation omitted). A forum-selection clause can only be invalidated on a showing of a "bad faith motive" where the forum was chosen "as a means of discouraging [parties] from pursuing legitimate claims." *Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595, 111 S.Ct. 1522, 1528, 113 L.Ed.2d 622 (1991)*. When a court enforces a contractual forum, it is not limiting "the plaintiffs usual right to choose its forum, but is enforcing the forum that the plaintiff has already chosen." *P & S Bus. Machs., 331 F.3d at 807*. Finally, "[t]he financial difficulty that a party [*4] might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause." *Id*.

Here, Segal and Chaparova have failed to show that the district court's transfer order amounted to an abuse of discretion warranting the exercise of mandamus relief. First, to the extent that the district court, in naming the causes of action, relied on the original complaint instead of the operative amended complaint, any error in this respect was harmless because the number and exact nature of the causes of action was not relevant to the court's *§ 1404(a)* analysis. *See 28 U.S.C. § 1404(a)*.

Second, the court applied the correct legal standard, followed proper procedures, and rendered no clearly erroneous factually findings. *See Chicago Tribune Co., 263 F.3d at 1309*. Specifically, the forum-selection clause in the parties' participation agreement, which provided that courts in King County, Washington (where Amazon has its principal place of business), would have exclusive jurisdiction and venue in any dispute, appropriately figured centrally in the district court's calculus. *See P& S Bus. Machs., 331 F.3d at 807*. The court also took into account [*5] other *§ 1404(a)* factors--such as inconvenience and Segal and Chaparova's contention that prosecuting their suit in Washington was financially unfeasible--and its finding that any financial difficulty or inconvenience did not outweigh the venue mandated by the forum-selection clause of the parties' participation agreement was not clearly erroneous. *See id. at 807*. Moreover, the court's finding that Segal and Chaparova failed to demonstrate that Amazon had a bad faith motive in specifying the forum where it had its principal place of business was not clearly erroneous. *See Carnival Cruise Lines, 499 U.S. at 595, 111 S.Ct. at 1528*. Therefore, Segal and Chaparova have not shown a clear and indisputable right to mandamus relief, and their mandamus petition is **DENIED**.



**ATTACHMENT 2**



Analysis
As of: Jul 26, 2011

**NINA JANET SEUNG, Plaintiff - Appellant, versus REGENT SEVEN SEAS CRUISES, INC., PAUL GAUGUIN SHIPPING LIMITED, Defendants - Appellees.**

**No. 10-10810 Non-Argument Calendar**

**UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

***393 Fed. Appx. 647*; *2010 U.S. App. LEXIS 17449***

**August 19, 2010, Decided**
**August 19, 2010, Filed**

**NOTICE:** PLEASE REFER TO *FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1* GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** [**1]

Appeal from the United States District Court for the Southern District of Florida. D.C. Docket No. 0:08-cv-60695-MGC.
*Seung v. Regent Seven Seas Cruises, Inc., 2010 U.S. Dist. LEXIS 5946 (S.D. Fla., Jan. 25, 2010)*

**DISPOSITION:** AFFIRMED.

**COUNSEL:** For NINA JANET SEUNG, Plaintiff - Appellant: Jason Robert Margulies, Michael A. Winkleman, Lipcon, Margulies & Alsina, P.A., MIAMI, FL.

For REGENT SEVEN SEAS CRUISES, INC., PAUL GAUGUIN SHIPPING LIMITED, Defendants - Appellees: Paul R. Regensdorf, Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., FT LAUDERDALE, FL; Bonita Herrmann Navin, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, Fort Lauderdale, FL.

**JUDGES:** Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

**OPINION**

[*649] PER CURIAM:

Nina Janet Seung appeals from the district court's dismissal of her lawsuit arising from injuries she incurred while onboard the M/S Paul Gauguin, owned by Defendants Regent Seven Seas Cruises and M/V Paul Gauguin Shipping Limited (collectively, "Regent"). On appeal, Seung argues that the district court erred in enforcing a forum selection claim that required the lawsuit to be brought in Paris, France, instead of Ft. Lauderdale, Florida. After careful review, we affirm.

We review de novo the enforceability of forum-selection and choice-of-law provisions in international agreements. *Krenkel v. Kerzner Int'l Hotels Ltd., 579 F.3d 1279, 1281 (11th Cir. 2009)*; [**2] *Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1290-91 (11th Cir. 1998).*

Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a "strong showing" that enforcement would be unfair or unreasonable under the circumstances. See *Krenkel, 579 F.3d at 1281* (citing *Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-95, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991)*; *M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972)).* A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would

be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy. *Id*.

The forum selection clause at issue here provides that:

> For all cruises which include a port of the United States of America, it is agreed by and between the Passengers and Owners that any dispute arising out of or in connection with this Ticket/Contract shall be determined by the United States District Court for the Southern District of Florida in Fort Lauderdale . . . . For all cruises which do not include a port of the United States, [**3] it is agreed by and between the passengers and Owners that any and all disputes and matters whatsoever arising out of or in connection with this Ticket/Contract shall be litigated and determined, if at all, before a court of competent jurisdiction in Paris, France . . . .

Seung's cruise departed from Tahiti, and was to travel only within French Polynesia.

We, like the district court, sympathize with Seung's situation. Nevertheless, we do not believe that Seung has made the "strong showing" required to prove that the forum selection clause should not be enforced in this case. For starters, Seung does not argue that she agreed to the forum through fraud or overreaching, nor that the chosen law would deprive her of a remedy. Further, to the extent Seung contends that enforcing the clause contravenes United States public policy in favor of reimbursing Medicare for Seung's prior medical expenses, we are unpersuaded, since Seung has not suggested that Paris is not a legally competent forum for her claim. [1]

> 1 In any event, we do not consider this argument, as Seung did not raise it below. *Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004)* ("[A]n issue not raised [**4] in the district court and raised for the first time in an appeal will not be considered by this court.") (quotations omitted).

[*650] Seung's main argument is that the forum selection clause was unfair and unreasonable under the circumstances -- to wit, she is financially unable to bring a lawsuit in Paris; she is a California resident with medical limitations, due in part to her injury, that prevent her from traveling to Paris; and Paris is a remote, alien forum chosen merely as a means of discouraging passengers from bringing legitimate claims. As for her financial hardship claim, we have held that "[t]he financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause." *P&S Business Machines, Inc. v. Canon USA, Inc., 331 F.3d 804, 807-08 (11th Cir. 2003)* (citing *Bonny v. Society of Lloyd's, 3 F.3d 156, 160 n.11 (7th Cir. 1993)* (reasoning that a "party's financial status at any given time in the course of litigation cannot be the basis for enforcing or not enforcing a valid forum selection clause"); *Moses v. Business Card Exp., Inc., 929 F.2d 1131, 1138-39 (6th Cir. 1991)* (reasoning [**5] that economic disparity between franchisor and franchisees and franchisees' claim of financial hardship were insufficient reasons to refuse enforcement of a forum selection clause since "the expense of travel . . . is inherent in a forum selection clause [u]nless all parties reside in the selected jurisdiction")). While Seung argues that *P&S* is distinguishable because it involved an Alabama corporation and a California corporation in a dispute about whether to pursue a case in California, this distinction falls flat. Indeed, travel and litigation expenses will usually be at issue in forum selection cases, regardless of the kinds of parties and locations involved.

As the Supreme Court has reasoned, in a suit -- much like this one -- between injured cruise ship passengers and a cruise line:

> Including a reasonable forum clause in a form contract of this kind well may be permissible for several reasons: First, a cruise line has a special interest in limiting the fora in which it potentially could be subject to suit. Because a cruise ship typically carries passengers from many locales, it is not unlikely that a mishap on a cruise could subject the cruise line to litigation in several different [**6] fora. Additionally, a clause establishing ex ante the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions. Finally, it stands to reason that passengers who purchase tickets containing a forum clause like that at issue in this case benefit in the form of reduced fares reflecting the savings that the cruise

line enjoys by limiting the fora in which it may be sued.

*Shute, 499 U.S. at 593-94* (citations omitted). Thus, Seung, who chose to travel internationally, may have benefitted financially from the inclusion of the forum selection clause. The fact that she is an "elderly female plaintiff," that Regent's headquarters are not in Paris, or that the forum is overseas does not mean that Seung's current financial difficulties should dictate the invalidation of the clause.

[*651] Nor are we convinced by Seung's reliance on her medical problems. As the district court noted, traveling from California to Paris, rather than [**7] cross-country to Florida, would impose similar -- though not identical -- burdens on Seung in terms of access to quality medical care and mobility problems. Seung additionally argues that if any medical issues arise in Paris, she would have difficulties communicating in French and would not receive the free Medicare coverage she would receive in Florida. But the possibility that Seung may need to receive medical care while she is in Paris for litigation does not satisfy the "strong showing" she must make to prove that the forum selection clause should not be enforced in this case.

Seung has also failed to show that Paris is a remote, alien forum. As the record shows, the Paul Gauguin did not travel or cruise to any United States port of call, but instead sailed exclusively in waters subject to French jurisdiction, in French Polynesia. In addition, while Seung asserts that the majority of passengers that travel on Regent cruises are American, she cites no proof for that assertion. Furthermore, even if more of Regent's cruises depart from Ft. Lauderdale than French ports, Seung's ship notably did not depart from Ft. Lauderdale, but from French Polynesia. In fact, the contract expressly [**8] provides that had her cruise departed from any United States port, the appropriate forum would have been in Ft. Lauderdale. Thus, as a Florida state court has held in a forum selection suit also involving the Paul Gaugin, where "the Paul Gauguin both departed and returned from a foreign locale, never making contact with any ports or waters of the United States[,]. . . it is reasonable that Radisson selected Paris, France as a neutral location in order to dispel confusion as to where passengers from a variety of countries could bring a lawsuit." *Burns v. Radisson Seven Seas Cruises, Inc., 867 So. 2d 1191, 1193 (Fla. App. 4th Dist. 2004).*

Finally, we are unpersuaded by Seung's claim that pursuant to Regent's forum selection clause, the proper forum for the lawsuit is Ft. Lauderdale, because she left for the cruise on an airplane flight out of Los Angeles International Airport, a port in the United States. The contract provides a United States forum for disputes arising out of "all cruises which include a port of the United States of America." Seung's suggestion that her "cruise package" departed from Los Angeles International Airport, a United States port, is irrelevant. Under the plain [**9] language of the contract, Seung's "cruise" did not include a United States port, and Paris is the appropriate forum.

**AFFIRMED**.